■ COUNTY OF NASSAU, Respondent, v ADJUNCT FACULTY ASSOCIATION OF NASSAU COMMUNITY COLLEGE, Appellant, et al., Defendants. — In a proceeding pursuant to article 19 of the Judiciary Law, Adjunct Faculty Association of Nassau Community College appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (Spatt, J.), entered November 12, 1982, which found it guilty of criminal contempt and imposed a fine of $10,000. ¶ Order and judgment reversed, on the law and the facts, without costs or disbursements, and proceeding dismissed. ¶ On August 31, 1980, the collective bargaining agreement between the parties expired, and the Adjunct Faculty Association of Nassau Community College (AFA) commenced a strike on September 30, 1980, when no new agreement was reached. The strike continued after a temporary restraining order was issued, and the county moved to punish the AFA for criminal contempt. The parties eventually settled the litigation by stipulation of settlement which provided for the entry of an order which, *inter alia,* permanently enjoined the AFA from "engaging in, causing, instigating, encouraging or condoning, or lending support or assistance of any nature to any strike, concerted stoppage of work or slow down in the performance of partial performance of any duties of employment with plaintiffs". The order was signed November 7, 1980. ¶ The collective bargaining agreement which ensued expired on September 30, 1982. The AFA commenced a strike on October 11, 1982, and its officers and members were served with copies of the November 7, 1980 order. The AFA continued its strike, and the instant proceeding was commenced by the county to hold AFA in criminal contempt of the permanent injunction in the order of November 7, 1980. After a hearing, AFA was found to be in criminal contempt of the November 7, 1980 order, and a fine of $10,000 was assessed. We reverse. ¶ Although the order of November 7, 1980 purports to permanently enjoin AFA from striking, it must be read in the context in which it was agreed to (3 Corbin, Contracts, § 536; 22 NY Jur 2d, Contracts, §§ 195-198). The parties were involved in negotiating a new contract, and as part of the resolution AFA agreed not to strike. This should not be taken to mean that it was bound in perpetuity not to strike, but rather that the stipulation was intended to bind it for the same period that the collective bargaining agreement was to be in effect, i.e., until September 30, 1982. Any other construction would be so inherently improbable as to require that it be set aside as unconscionable (21 NY Jur 2d, Contracts, § 141). Accordingly, we hold that the injunction expired at the same time as the collective bargaining agreement, and cannot constitute the basis for a criminal contempt adjudication arising out of a strike that occurred after the expiration of said agreement. Bracken, J. P., Brown, Niehoff and Boyers, JJ., concur.